**VERVE, LLC, Plaintiff,**

v.

**CRANE CAMS, Crower Cams Equipment Co., Trend Products, Inc., Competition Cams, Inc., and Manton Racing Products,, Defendants.**

No. 99–76096.

United States District Court,
E.D. Michigan,
Southern Division.

May 16, 2001.

Frank R. Simon, Simon and Galasso, Troy, MI, for Plaintiff.

James E. Wynne, Butzel and Long, Detroit, MI, Geoffrey R. Myers, Hall and Myers, Potomac, MD, Dennis J. Levasseur, Bodman and Longley, J. Scott Bennett, Lake Elsinore, CA for Defendants.

### Opinion and Order Granting Defendant's Motions for Summary Judgment [63–1] and [69–1] [1]

TARNOW, District Judge.

## I. Introduction

The defendants Crower, Competition, Crane, and Trend ("defendants") [2] motion the Court for summary judgment in this patent infringement case. Defendants argue that their motion should be granted, because the Verve LLC ("Verve") push rod patent number 4,850,315 ("315 patent") is invalid due to vagueness or lack of novelty, or, if it is valid, they did not infringe upon it.

For the following reasons, this Court GRANTS the defendants' motions for summary judgment.

## II. Background

Verve holds the rights of the 315 patent which covers automotive push rods. Push rods are conventionally used in an internal combustion engine to control the opening and closing of valve seats in the engine cylinder. Verve purchased the rights to the 315 patent from the Budd Company, which purchased these rights from the inventor.

The parties dispute three of the patent claims: claim 1, claim 6, and claim 13.

Claim 1 states:

A push rod for an internal combustion engine comprising: a single piece of metal in the form of an elongated hollow tube having a middle portion, first and second end portions and rounded seats at the tips thereof, said middle portion having a *larger outer diameter than the end portions*, and said tube having a *substantially constant wall thickness throughout* the length of the tube and the tips thereon.

D's Brief, Exhib. A at Column 4 (Italics added to reflect contested clauses).

Claim 6 is based on Claim 1. It states:

The push rod of claim 1 wherein the *density* of the metal in the end portions is *higher* than in the middle portions.

*Id.* at Column 5

Claim 13 articulates a process to make a push rod based on the contested specifications of Claims 1 and 6. In this sense, it is also directly based on these other contested claims. Claim 13 states:

A method of making a one-piece push rod, said method comprising:

(a) providing a hollow tube having a given outer diameter;

(b) compressing at least the end portions of the tube to a reduced diameter relative to the outer diameter of the tube provided in step (a) said tube having a substantially constant wall thickness throughout the length of the tube and the tips thereon; and

(c) *forming tips of the tube into the desired shape.*

*Id.* At Column 6

According to the prosecution history of this patent, the Patent Examiner originally denied the patent based on prior art. Subsequently, the inventor and the examiner

---

1. Law Clerk Carlos Bermudez provided quality research assistance.

2. The defendant Manton Racing Products did not join these motions.

discussed the shortcomings of the patent and amended the claims, satisfying the Examiner's concerns over prior art.

Two Japanese push rod patents JP 635 and JP 808 were published in the mid–1980's. These patents contain all of the exclusions that are alleged in the patent 315. The Patent Examiner lacked both of these patents during the examination of the 315 patent.

## III. Legal Standard

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. F.R. Civ. P. 56(c). According to the court in *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir.1989), the moving party must meet the initial burden of showing "the absence of a genuine issue of material fact" as to an essential element of the non-movant's case. *Bradford* at 1479 citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Material facts are determined by the substantive law in the case. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) at 247. The 6th Circuit went on to state in *Bradford* that the moving party may meet its burden by pointing out to the court that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of her case. *Bradford* at 1479

The non-moving party must show that there is doubt as to the material facts and that the record, taken as a whole, does not lead to a judgment for the movant. Where "the moving party has carried its burden under 56(c), its opponent must do more than simply show that there is some meta-

physical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). All inferences must be made in a light most favorable to the non-moving party. *Matsushita* at 586, 106 S.Ct. 1348.

## IV. Analysis

The defendants base their motion for summary judgment on three arguments: 1) the patent is invalid due to vagueness, because the term "substantially" is nebulous and provides no notice pursuant to 35 U.S.C. § 112; 2) none of the defendants' push rods infringe on the patent 315;[3] and 3) Verve's patent lacks novelty in light of the Japanese patents.

Verve responds by asserting that the term "substantially" does have a definite meaning. Thus, according to Verve, the claims are valid. The plaintiff claims that there remain issues of material facts regarding whether the defendants' push rods infringe. Finally, Verve claims that the 315 patent is not invalid due to lack of novelty, because the Japanese patents do not "anticipate" each element of the claim.

There are two steps to a patent infringement analysis: 1) The claim must be properly construed to determine scope and meaning; and 2) the claim as properly construed must be compared to the accused device or process. *See Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed.Cir.1995). Claim construction is purely a question of law. *See Phillips Petroleum Co. v. Huntsman Polymers Corp.*, 157 F.3d 866, 870 (Fed.Cir.1998).

**3.** The Court will not make a determination as to whether or not any of the defendants' push rods would violate the patent 315 if it were valid, because there may exists some issues of

fact in dispute that would preclude summary judgment. However, it seems evident that the patent is very narrow in scope and thus would not be easily infringed.

## A. Vagueness

■ The parties dispute whether the term "substantially" is so indefinite and vague as to render the claims void. In relevant part, claim one states that "[the] tube having a *substantially* constant wall thickness throughout the length of the tube and the tips thereon." This term "substantially," which qualifies the wall thickness of the push rod, was critical to narrow the limitation in order to have the patent approved. In order to be validly definite, the scope of the limitation must be reasonably ascertainable to a person skilled in the art. *Amgen, Inc. v. Chugai Pharmaceutical Co.*, 927 F.2d 1200, 1217 (1991). In this case, judging by the intrinsic record, the meaning of "substantially" constant wall thickness is unclear. While not the basis of this court's decision, the ambiguity of this term was demonstrated at the motion hearing by the plaintiff's willingness to include great variations in wall thickness within the parameters of "substantially" constant wall thickness in a manner that renders the term without meaning. "When the meaning of claims is in doubt, especially when, as is the case here, there is close prior art, they are properly declared invalid." *Amgen*, 927 F.2d at 1218. While the term "substantially" may notice a person skilled in the art of how to satisfy a patent claim in some cases, in this case, judging from the intrinsic record, the term is indefinite.

## B. Anticipation

■ Even if patent 315 were not invalid due to its vagueness and indefiniteness, it is invalid due to lack of novelty pursuant to 35 U.S.C. § 102(b). JP 635 and JP 808 teach every element of the patent 315. A patent is invalid if the claimed invention was "patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States." 35 U.S.C. § 102(b). Invalidity based on lack of novelty requires that the same invention, including each element and limitation of the claims, was known or used by others before it was invented by the patentee. *Scripps Clinic & Research Found. v. Genentech, Inc.*, 927 F.2d 1565, 1576 (Fed.Cir.1991). In this case, the Japanese patents were available more than one year prior to the date of the application for patent in the United States. The Japanese patents disclose every element of the 315 patent. Thus, the patent 315(b) is invalid based 35 U.S.C. § 102(b).

## V. Conclusion

For the above stated reasons, and in consideration of the pleadings and arguments:

IT IS ORDERED that defendants' motions for summary judgment [63–1] and [69–1] are GRANTED